UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

PEDRO SANOJAS,

                Petitioner,

v.

MARKWAYNE MULLIN et al.,

                Respondents.

_____/

Case No. 1:26-cv-1289

Honorable Paul L. Maloney

## **OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee, initiated this action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will conditionally grant the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## **Discussion**

### I.    **Procedural History**

The habeas petition challenges the lawfulness of Petitioner's current detention and asks the Court to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 either ordering Respondents to release Petitioner or ordering Respondents to conduct a bond hearing to satisfy the requirements of due process. (Pet., ECF No. 1, PageID.17.) In an order entered on April 23, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should not be granted. (Order, ECF No. 3.) Respondents filed their response on April 27, 2026, (ECF No. 4.) Petitioner filed a reply on April 27, 2026. (ECF No. 5.)

## II.    Factual Background

Petitioner is a native and citizen of Venezuela. (Pet., ECF No. 1, PageID.4.) Petitioner entered the United States in 2022 and has remained in the United States since that time. (2022 Form I-213, ECF No. 4-1, PageID.66.) On March 23, 2026, Department of Homeland Security (DHS) agents encountered and arrested Petitioner. (Notice to Appear, ECF No. 4-2, PageID.69.)

Respondents have not provided Petitioner an individualized bond hearing before an immigration judge as contemplated by 8 U.S.C. § 1226(a).[1]

## III.    Habeas Corpus Legal Standard

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers upon the federal courts the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A. A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

## IV.    Merits Discussion

### A.    Statutory Basis for Petitioner's Detention

Based on the facts presented by the parties, and the reasoning of the Sixth Circuit Court of Appeals in *Lopez-Campos v. Raycraft*, Nos. 25-1965, 1969, 1978, 1982, 2026 WL 1283891 (6th Cir. May 11, 2026), the Court concludes that § 1226(a), not § 1225(b)(2)(A), governs Petitioner's detention.

---

[1] The materials submitted by the parties do not suggest that Petitioner is subject to a final order of removal or that Petitioner is subject to detention under 8 U.S.C. § 1226(c).

### B.      Fifth Amendment Due Process Considerations

The Fifth Amendment guarantees that "[n]o person shall . . . be deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V. In *Lopez-Campos*, the Sixth Circuit Court of Appeals explained:

> Noncitizens who have "passed through our gates, even illegally, may be expelled only after proceedings conforming to traditional standards of fairness encompassed in due process of law." *Shaughnessy v. United States ex rel. Mezei*, 345 U.S. 206, 212 (1953); *see also Yamataya v. Fisher*, 189 U.S. 86, 100–01 (1903). Thus, noncitizens within the interior of the United States are entitled to the protections of the Due Process Clause, "whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). "It is well established that the Fifth Amendment entitles aliens to due process of law in [removal] proceedings." *Reno v. Flores*, 507 U.S. 292, 306 (1993*); see also Demore v. Kim*, 538 U.S. 510, 523 (2003). Consequently, the government may not deny "notice" or "an opportunity to be heard" to a noncitizen "who has entered the country, and has become subject in all respects to its jurisdiction, and a part of its population, although alleged to be illegally here." *Yamataya*, 189 U.S. at 100–01.

*Lopez-Campos*, 2026 WL 1283891, at \*11. The Sixth Circuit therefore upheld the lower courts' determinations the government's detention of the *Lopez-Campos* petitioners "without bond under § 1226(a) was a deprivation of liberty that violated [their] due process rights." *Id*. at \*13.

Petitioner is likewise detained under § 1226(a) and has been denied an individualized bond hearing. Therefore, the Court concludes that Petitioner's current detention under the mandatory detention framework set forth in § 1225(b)(2)(A) violates Petitioner's Fifth Amendment due process rights. *See id.*; *see also Antele Cobix v. Raycraft*, No. 1:25-cv-1669, 2025 WL 3562651, at \*6–8 (W.D. Mich. Dec. 12, 2025); *Candela Bastidas v. Noem*, No. 1:25-cv-1528, 2025 WL 3562638, at \*7–8 (W.D. Mich. Dec. 12, 2025); *Acuna Sanchez v. Noem*, No. 1:25-cv-1442, 2025 WL 3562577, at \*7–9 (W.D. Mich. Dec. 12, 2025); *Penagos Robles v. U.S. Dep't of Homeland Sec.*, No. 1:25-cv-1578, 2025 WL 3558128, at \*6–8 (W.D. Mich. Dec. 12, 2025).

## V.    Other Claims and Other Forms of Relief

Because the Court will conditionally grant Petitioner's § 2241 petition as set forth herein, the Court does not address other claims and other requested relief in Petitioner's § 2241 petition.

## VI.    Proper Respondents

Respondents argue that the Detroit ICE Field Office Director is the only proper Respondent in this action. They seek the dismissal of the other named Respondents. The Court concludes that the ICE Detroit Field Office Director is not the only proper Respondent for the reasons set forth in the Court's analysis of the same argument in each of the following cases: *Antele Cobix v. Raycraft*, No. 1:25-cv-1669, 2025 WL 3562651, at *8–9 (W.D. Mich. Dec. 12, 2025); *Candela Bastidas v. Noem*, No. 1:25-cv-1528, 2025 WL 3562638, at *8–9 (W.D. Mich. Dec. 12, 2025); *Acuna Sanchez v. Noem*, No. 1:25-cv-1442, 2025 WL 3562577, at *9–10 (W.D. Mich. Dec. 12, 2025); *Penagos Robles v. U.S. Dep't of Homeland Sec.*, No. 1:25-cv-1578, 2025 WL 3558128, at *9–10 (W.D. Mich. Dec. 12, 2025). To ensure that this Court's orders regarding habeas relief will bind at least one Respondent with authority to act in the event that Petitioner is transferred outside the area under the authority of the ICE Detroit Field Office, the Court will retain all of the remaining Respondents.

## Conclusion

For the reasons discussed above, the Court will enter a judgment conditionally granting Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The Court will order Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within five business days of the date of this Court's opinion and judgment with notice to the Parties as soon as practicable, no later than 24 hours prior to the scheduled hearing, or, in the alternative,

4

immediately release Petitioner from custody.[2] The Court will also order Respondents to file a status report within six business days of the date of this Court's opinion and judgment to certify compliance with this opinion and the corresponding judgment. The status report shall include if and when the bond hearing occurred, if bond was granted or denied, and if bond was granted, the conditions of the bond, or if bond was denied, the reasons for the denial.

Dated:    June 12, 2026                              /s/ Hala Y. Jarbou
                                                     HALA Y. JARBOU
                                                     For the Honorable Paul L. Maloney
                                                     United States District Judge

---

[2] This Court has adopted a standard practice of requiring such a hearing within five business days, even if the Petitioner requests a deadline that is shorter or longer or only release.